UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRENT McPHERSON, individually and on behalf of all others similarly situated, | § § § | Docket No. 14-cv-0081 |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| vs. | § § | |
| LEAM DRILLING SYSTEMS, LLC, | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

SUMMARY

1.  Brent McPherson files this First Amended Collective Action Complaint against LEAM Drilling Systems, LLC ("LEAM") and REME, LLC ("REME") (collectively, "Defendants") to recover the unpaid overtime wages owed to Defendants' workers – specifically Directional Drillers ("Drillers") and MWD/LWD Field Operators ("Operators") under federal law.

JURISDICTION & VENUE

2.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division.

4.  McPherson and other Putative Class Members worked a significant portion of time for Defendants in this District and Division without receiving proper overtime compensation.

5.  McPherson and other Putative Class Members reside, and Defendants are headquartered, in this District.

6. Defendants conduct substantial business operations within the Corpus Christi Division.

**PARTIES**

7. McPherson was an Operator employed by Defendants. He regularly worked more than 12 hours a day, and 40 hours a week, without receiving the overtime pay required by federal law. His written consent has been filed with the Court.

8. McPherson brings this action on behalf of himself and all other similarly situated Drillers and Operators under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as McPherson and is properly defined as:

> **All Drillers and Operators employed by LEAM DRILLING SYSTEMS, LLC and REME, LLC during the past 3 years. ("Putative Class Members")**

The members of the FLSA Class are ascertainable from Defendants' business records, particularly personnel records.

9. LEAM Drilling Systems, LLC is a limited liability company headquartered in the Southern District of Texas. LEAM has been served and appeared in this case.

10. REME, LLC is a limited liability company headquartered in the Southern District of Texas. REME can be served by serving its registered agent at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

11. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over both LEAM and REME and the Putative Class Members. Discovery will show that there are no real, legitimate or other meaningful differences between the two entities—both of which are owned and operated by the same individual. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable

provisions of the act, including the overtime provisions, with respect to the entire employment for the workweek at issue in this case.

**FACTUAL ALLEGATIONS**

12. Defendants operate as a singular oilfield service company, providing a full-service provider of directional and horizontal drilling services to the oil and gas industry.[1] They operate in several states, including Colorado, Louisiana, North Dakota, Oklahoma, Pennsylvania, Texas, West Virginia, and Wyoming.[2] In each of the past 3 years, Defendants' revenue has exceeded $50 million.

13. Defendants' employees work side-by-side on job sites throughout the Corpus Christi Division.

14. Defendants' employees wear similar uniforms. See Ex. A (Uniform worn by McPherson.)

15. Defendants' employees receive uniform policy handbooks and manuals.

16. Defendants' employees report to common supervisors.

17. Defendants' employees use uniform forms and paperwork.

18. Defendants' employees use uniform tools and equipment on the job sites.

19. McPherson and all those similarly situated to him worked for Defendants as Drillers and/or Operators. Drillers and Operators work together in two man teams performing skilled technical services, usually at the well site. Drillers and Operators use tools, hard hardhats, and machinery produced for commerce within the meaning of the FLSA.

20. No advanced degree is required to become either a Driller or an Operator. In fact, Defendants regularly hire Drillers and Operators with only a high-school diploma (or less).

---

[1] http://www.leam.net/
[2] http://www.leam.net/contact-us2/leam-locations

21. Drillers and Operators are blue collar workers. They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield. Unsurprisingly, Defendants require them to have "strong mechanical skills."

22. Drillers and Operators work long hours. Indeed, Defendants inform applicants they will regularly more than 40 hours a week, and to be on-call 24/7, during every workweek.

23. While in the field, Drillers and Operators regularly work more than 12 hours in a day, and more than 80 hours in a week. As an example, McPherson averaged 12 (or more) hours per day, each day that he worked.

24. But Defendants did not pay its Drillers and Operators overtime for hours worked in excess of 40 in a workweek.

25. Instead, Defendants pay Drillers and Operators a base salary, plus daily field pay (sometimes known as a "field bonus") for each day worked out in the field. This daily field pay is not overtime pay, but rather a lump sum payment that must be included in the Drillers and Operators' regular rates of pay.

26. As a result of Defendants' pay policies, McPherson and the FLSA Class were denied the overtime pay required by federal law.

27. Defendants knew, or showed reckless disregard for whether, McPherson and the FLSA Class were entitled to overtime pay under federal law.

**COLLECTIVE ACTION ALLEGATIONS**

28. McPherson brings the claim under the FLSA as a collective action on behalf of those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

29. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences don't matter for the purposes of

determining their entitlement to overtime. They are all blue-collars workers entitled to overtime after 40 hours in a week. And like McPherson, the members of the FLSA Class work long hours.

30. However, like McPherson, they were all paid according to its "salary" plus day-rate system.

31. Thus, Defendants' Drillers and Operators are similarly situated within the meaning of 29 U.S.C. § 216(b).

32. Defendants employed at least 100 Drillers and 100 Operators in the United States during the past 3 years. These workers are geographically disbursed, residing and working in states across the county. Because these workers do not have fixed work locations, Drillers and Operators may work in different states across the country in the course of a given year.

33. Absent a collective action, many members of the FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

34. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

### CAUSE OF ACTION
### Violation of the FLSA

35. McPherson incorporates the preceding paragraphs by reference.

36. At all relevant times, Defendants have been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

37. Defendants employed McPherson and each member of the FLSA Class.

38. Defendants' pay policy denies Drillers and Operators overtime for hours worked in excess of 40 per week.

39. Defendants' failure to pay McPherson and the FLSA Class overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

40. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendants' FLSA violations, McPherson and the members of the FLSA Class are entitled to recover from Defendants their unpaid overtime compensation, an equal as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## JURY DEMAND

41. McPherson demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Drillers and Operators to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiffs and the FLSA Class all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    Andrew Dunlap
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    **FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON, L.L.P.**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 23rd day of May 2014.

    */s/ Andrew W. Dunlap*
    Andrew W. Dunlap