UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRENT MCPHERSON, *et al*, | § | |
| | § | |
|     Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-113 |
| | § | |
| LEAM DRILLING SYSTEMS, LLC, *et al*, | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO TRANSFER VENUE TO THE HOUSTON DIVISION

Pending is Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (D.E. 9). This case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (D.E. 20). Having considered the parties' briefing, arguments, the applicable legal authorities, and all matters of record, it is respectfully recommended that the motion be **GRANTED** and that the case be transferred to the Houston Division of the Southern District of Texas.

### I.     BACKGROUND

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Plaintiff Brent McPherson filed this suit against LEAM Drilling Systems, LLC to recover unpaid overtime wages alleged to be owed to him and

other similarly situated directional drillers and field operators employed by Defendant.[1] (D.E. 1, p. 1). Defendant is an oil and gas drilling company with operations across the United States including Colorado, Louisiana, North Dakota, Oklahoma, Pennsylvania, Texas, West Virginia and Wyoming. (D.E. 1, p. 2). Plaintiff McPherson lives in the Houston area with a last known address in Katy, Texas. (D.E. 9-1, 31-3). Defendant is a limited liability company with its principal office in New Iberia, Louisiana; however, Defendant maintains its operational headquarters in Conroe, Texas, which is in the Houston Division. (D.E. 7, p. 3).

The parties agree that the Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. (D.E. 1, 7). The parties do not dispute that Defendant performed drilling activities in the Corpus Christi Division or that Plaintiff McPherson worked for a period of time within the Corpus Christi Division. (D.E. 9, p. 1). The parties also agree that venue is appropriate in the Southern District of Texas; however, there is a disagreement whether venue is appropriate in the Corpus Christi Division of the Southern District of Texas.

The undersigned granted Plaintiff an opportunity to conduct limited discovery on the issue of venue, including written discovery and Plaintiff taking the deposition of Kathleen Glasgow. Ms. Glasgow is Defendant's Vice President of Finance and supervises accounts payable and receivable, payroll, and a staff of accountants. (D.E. 31,

---

[1] Defendant LEAM maintains that Plaintiff McPherson's actual employer was REME, LLC. (D.E. 9, p 1). Plaintiff filed an amended complaint adding REME as a defendant after Defendant LEAM filed the motion to transfer venue. (D.E. 14). Plaintiff maintains that Defendants have common ownership, oversight and control. (D.E. 14, p. 2). While Defendants deny common ownership in their respective Answers, attorney Stefanie Moll represents both entities and it is clear from the briefing and arguments that both Defendants seek to have this case transferred to the Houston Division.

p. 9). Plaintiff was granted an extension to respond to Defendant's motion to transfer venue after the completion of the limited discovery. After completing limited discovery, Plaintiff responded to Defendant's motion to transfer venue. (D.E. 31). The undersigned held a hearing on the motion on July 25, 2014, where the parties provided additional argument.

Defendant moves the Court to transfer the case to the Houston Division of the Southern District of Texas for the convenience of the parties and witnesses and in the interest of justice pursuant to 29 U.S.C. § 1404(a). To summarize, Defendant maintains that the Houston Division is where: (1) Plaintiff Brent McPherson resides; (2) McPherson's legal counsel office; (3) LEAM maintains its operational headquarters; (4) McPherson's actual former employer maintains its operational headquarters; (5) the majority of the relevant party and non-party witnesses, including McPherson's former supervisors, work and reside; (6) the largest percentage of the putative class resides; and (7) the access to the relevant sources of proof is the greatest. Defendant also argues that Houston has the largest percentage of potential class members and that 211 persons, accounting for over twenty percent (20%) of the potential class members, have last known addresses in the Houston Division. (D.E. 9, p. 4).

Plaintiff opposes transferring the case from the Corpus Christi Division, in large part because of the significant drilling operations conducted by Defendant in this Division. Plaintiff maintains that twenty-three percent (23%) of the potential class members, including a majority of the persons who have opted-in by filing consent forms, performed work in the Corpus Christi Division between April 2011 and April 2014.

(D.E. 31, p. 5). Plaintiff further points out that, from April 4, 2011 through May 31, 2014, these potential class members did work for Defendant for a total of 1,035 days in Live Oak, Kleberg, Brooks, Bee, San Patricio and Aransas Counties. (D.E. 31, p. 6). Plaintiff argues that this is a collective action with significant local interest due to the Eagle Ford Shale oil and gas production and that LEAM is actively recruiting drillers to work in Texas and other locations. (D.E. 31, pp. 7, 9-11).

Further, because Plaintiff seeks to bring a nationwide collective action, Plaintiff argues there is no venue that will be convenient for all parties or witnesses. (D.E. 31, pp. 9-11). Plaintiff points out that while twenty percent (20%) of the potential class members live in Houston, eighty percent (80%) do not. Plaintiff McPherson stated in an affidavit that he worked for LEAM for an extended period in the Corpus Christi Division and that he is able to travel to Corpus Christi to resolve this lawsuit and doing so is not an inconvenience. (D.E. 31-3).

## II. LEGAL STANDARD

The applicable statutory authority for the pending motion to transfer venue is set forth at Section 1404(a), of Title 28, United States Code. This section provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The statute is intended to "protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy and money." *Houston Trial Reports, Inc. v. LRP Publications, Inc.,* 85 F. Supp. 2d. 663,

668 (S.D. Tex. 1999)(citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under § 1404(a), the movant must demonstrate that the balance of convenience and justice weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994).

Whether transfer pursuant to § 1404(a) is proper is committed to the sound discretion of the trial court, which should determine the motion based on an "individualized case-by-case consideration of convenience and fairness." *Shoemaker*, 233 F. Supp. 2d at 829 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The threshold determination under § 1404(a) is whether the action could have been filed in the judicial district to which the transfer is sought. *In re Volkswagen AG*, 371 F.3d at 203. If the Court determines the action could have been filed in the judicial district to which the transfer is sought, the Court must next determine whether the transfer furthers the convenience of the parties and witnesses. There are certain private and public interest factors to consider in this regard. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the

familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

## III. ANALYSIS

The parties do not dispute that venue is proper in the Southern District of Texas. The applicable venue statute does not distinguish between the divisions of a judicial district, therefore venue properly lies in any division in the Southern District. *Says v. M/V David C.* Devall, 161 F. Supp. 2d 752, 753 (S.D. Tex. 2001). Plaintiff could have filed his lawsuit in any of the divisions of the Southern District of Texas, including the Houston Division. Because venue is appropriate, the determination of whether this case should be transferred to the Houston Division is based on the public and private interest factors set forth in *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

### A. Private Interest Factors

#### *1. Relative ease of access to sources of proof*

This case involves matters relating to the overtime compensation of certain employees of Defendant. Only six of the potential class members live in the Corpus Christi Division, which is one-half of one percent of the putative class. (D.E. 9, p. 10). In contrast, 211 of the potential class members live in the Houston Division. This amounts to 20% of the putative class. The Houston Division is the location with the largest concentration of potential class members. (D.E. 9, p. 4).

While it is undisputed that the Defendant engaged in drilling activities in the Corpus Christi Division, the evidence located within this Division is limited. A significant portion of the proof in this case will come from the records of the Defendant,

including Defendant's policies relating to employee compensation, employee classification, job descriptions, personnel records, payroll records and other records relating to the Defendant's business practices. While some of this evidence may theoretically be located at the drilling sites, most of the physical evidence will be located at the business offices of Defendant. Defendant maintains its principal office in New Iberia, Louisiana; however, Defendant maintains its operational headquarters in Conroe Texas, which is in the Houston Division.

Plaintiff argues that this factor should be given little weight because the documents are not so voluminous that their transport would be a major undertaking. *See Sarmiento v. Producer's Gin of Waterproof, Inc.* 439 F. Supp. 2d 725, 732 (S.D. Tex. 2006). While the location of Defendant's books and records should be given little weight, Plaintiff has failed to identify any documents available in Corpus Christi that would counter this factor, albeit of minimal weight. This factor weighs in favor of transfer because the documentary evidence and a sizeable percentage of the potential witnesses are located in the Houston Division.

> 2. *The availability of compulsory process to secure the attendance of witnesses*

Defendant maintains that no key non-party witness resides within the Corpus Christi Division and no such witnesses reside within 100 miles of the federal courthouse in Corpus Christi. (D.E. 9, p. 11). The availability of compulsory process of these individuals is limited. *See* Fed. R. Civ. P. 45(c)(1)(A). Defendant provided an example of one such witness, Riley Norris, who was a supervisor of Plaintiff and is a person with

knowledge of relevant facts, although he is no longer employed by Defendant. (D.E. 9-1, ¶ 7 and Argument of Defense Counsel at hearing on 7/25/2014). All of the operational heads of the departments that employ the drillers and potential class members live in the Houston Division in either Harris or Montgomery County, Texas. This fact is important to the issue of compulsory process. The oil and gas industry is booming and the workforce is mobile. It is foreseeable that some of Defendant's employees who may be witnesses will change jobs and therefore will no longer be under the control of the Defendant. Securing these witnesses' attendance at trial will be easier in the Houston Division because they live within that Division. This factor weighs in favor of transferring the case to the Houston Division.

### 3. *The cost of attendance for willing witnesses*

Two hundred eleven (211) potential plaintiffs, who also could be called as witnesses, reside in the Houston Division. Almost all of the Defendant's managers and employee witnesses reside in the Houston Division. These individuals will incur less costs attending trial in Houston compared to coming to Corpus Christi. The additional travel expenses of the six potential plaintiffs who reside in the Corpus Christi Division is clearly outweighed by the number of potential class members who live in the Houston Division. Further, the Court recognizes that Plaintiff seeks to make this a nationwide action and that if Plaintiff is successful there will be certain unavoidable costs associated with witnesses traveling to the location of the Court. However, it is generally accepted that it is easier to travel to and from Houston than Corpus Christi because Houston is a

major metropolitan area with two airports and significantly more travel options. The cost of attendance of witnesses weighs in favor of transfer.

    4.    *All other practical problems that make trial of a case easy, expeditious, and inexpensive*

The location of where the attorneys maintain their offices is something for the Court to consider. Four of Plaintiff's five attorneys list Houston as the location of their business address. (D.E. 1, p. 6; D.E. 3, 4, 26). One of Plaintiff's attorneys has his primary office in Corpus Christi. (D.E. 29). Two of Defendant's attorneys have their offices in Houston and one has an office in Dallas. (D.E. 7, p. 10; D.E. 10, 11). Despite the willingness of Plaintiff's counsel to travel to Corpus Christi, trying the case in Houston will be logistically more convenient for almost all of the attorneys. While not a major concern because the attorneys have the ability to accept or decline the cases they chose to prosecute and defend, the location of the attorneys and their availability for court settings weighs slightly in favor of the case being transferred to the Houston Division.

    **B.**    **Public Interest Factors**

    1.    *The administrative difficulties flowing from court congestion*

The Corpus Christi Division has a judicial vacancy for one of the two District Judge positions. Judge Nelva Gonzales Ramos is currently handling 90% of the civil cases filed in the Corpus Christi Division together with a sizeable criminal docket.[2] While the Corpus Christi Division is capable of handling its docket, the current judicial

---

[2] *See* General Order 2014-09, ¶ 13 (S.D. Tex. July 24, 2014).

vacancy is a factor that weighs slightly in favor of transferring the case to the Houston Division.

        2.     *The local interest in having localized interests decided at home*

The local interest factor is the one factor that weighs in favor of denying the Defendant's motion to transfer venue. A considerable amount of oil and gas exploration, drilling and other operations take place in this Division. The potential jurors in this Division are familiar with these drilling activities and comprise a community that has a relation to this litigation. Plaintiff's counsel has pointed out, and the Defendant does not dispute, that twenty-three percent (23%) of the potential class members worked for Defendant in the Corpus Christi Division between April 2011 and April 2014. There is a local interest in persons who work in this Division being able to have their lawsuits heard in the Division where they are employed. However, the persons who work in the oil and gas industry are mobile because they typically follow the work from one drilling site to the next. While many of the potential class members worked in Corpus Christi during the relevant time period, approximately 77% did not and as noted above, very few actually live within the Corpus Christi Division.

        3.     *The familiarity of the forum with the law that will govern the case*

The are no unique legal issues which make one Division more familiar with the law that will govern the case. This factor is neutral.

> 4. *The avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

This case does not present any issues involving conflict of laws or application of foreign law. This factor is neutral.

**IV.   CONCLUSION AND RECOMMENDATION**

In considering the convenience factors set forth in 28 U.S.C. § 1404(a), the applicable law and the briefing and arguments of counsel, the Defendant has shown good cause and has clearly established this case should be transferred to the Houston Division. Plaintiff articulates the local interest factor persuasively when setting forth the reasons why "Defendant knows Corpus Christi and Corpus Christi knows Defendant." (D.E. 31, pp. 9-11). However, this factor and the other arguments of Plaintiff are not sufficient to retain the case in the Corpus Christi Division. Therefore, the undersigned respectfully recommends that the District Court **GRANT** Defendant's Motion to Transfer Venue (D.E. 9) and **TRANSFER** the case to the Houston Division.

Respectfully submitted this 30th day of July, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).